IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIA DESHANNA GREENE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GLR-17-3485 |
| STATE OF MARYLAND and UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Tia DeShanna Greene's Complaint, filed on November 21, 2017 against the State of Maryland, United States Department of Justice, and the United States Attorney's Office (ECF No. 1) and accompanied by a Motion to Proceed in Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant Greene's Motion because her financial affidavit indicates she is indigent, but the Court will dismiss the case sua sponte after reviewing the allegations in the Complaint.

### I. BACKGROUND

This action arises out of various state court proceedings involving Greene and her former domestic partner. Greene asserts that, on May 17, 2013, she "was maimed in an act of violence by [David Joyner,] my domestic partner and Child's father." (Compl. at 1, ECF No. 1-1). Greene unsuccessfully sought a permanent protection order against Joyner in state court. (Id.). In July 2014, a Maryland state court granted sole custody of

Greene and Joyner's child to Joyner. (Id. at 2). In connection with these proceedings, Greene was ordered to pay child support. (Id.). Greene alleges that she was "wrongfully imprisoned" in 2015; however, neither the basis of her imprisonment nor the reason she believes the imprisonment was "wrongful" are apparent from the Complaint. (Id.).

Earlier this year, Greene filed a civil action in this Court against Joyner, his attorney, and various Maryland agencies, including the Circuit Court of Baltimore County, Maryland, which handled the state child custody and support proceedings. Greene v. Joyner, No. JFM-17-0688 (D.Md. March 13, 2017) (complaint). This action was dismissed for several reasons, including the domestic relations exception to federal subject matter jurisdiction, Maryland's immunity from suit under the Eleventh Amendment, and the Rooker-Feldman[1] doctrine. Greene v. Joyner, No. JFM-17-0688, slip op. (D.Md. closed March 30, 2017).

Greene's instant complaint is disjointed and unclear. To the best of this Court's reading, Greene alleges that the state failed to protect her from domestic violence by Joyner, failed to have "due regard . . . for [her] known physical and mental disabilities" or accord her due process in connection with the child custody and support proceedings, and "breached public trust and duty" when unidentified state employees failed to intervene in the state proceedings. (Compl. at 2–3). The claims against the United States are less specific and seem largely based on the federal government's failure to intervene in her state court proceedings. (Id.). Additionally, Greene levels several broad criticisms at the

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

2

state and federal government that do not appear to amount to a legal claim. (See, e.g., id. at 2 (asserting generic failure of government to protect all women and children from domestic violence); id. at 3 ("Majority of Executive Directors of all U.S. Agencies are or were lawyers who enforce legislation or helped pass laws allowing them to exercise unchecked influence over the majority to create subjects for and to empower the legal industry; designed by legal professionals indeed!")).

Greene requests that this Court enter a domestic violence protection order in her favor, grant her "Federal Protection from the State of Maryland ordered Violence with sole custody of minor child," vacate the state's child custody and support orders, order the "transfer and delegation of Authority and Power of child custody decision making and protection from Domestic Violence order to a competent Judicial body dedicated to only hearing domestic cases – the Civil Justice and Freedom Court," and issue a "writ of mandamus ordering an administrative review by MD court of Appeal" of the state proceedings. (Compl. at 2, 4).

## II. DISCUSSION

Greene filed the complaint under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful of its obligation to liberally construe self-represented pleadings, such as Greene's complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are

3

assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that a district court can ignore a clear failure in this pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." Miller v. Brown, 462 F.3d 312, 316 (4th Cir. 2006). A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. See also Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07 (2006). Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. See U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331, 1332 (2012). There is no presumption that jurisdiction is vested in the court, see Pinkley, Inc. v. City of Frederick, 191 F.3d 394. 399 (4th Cir. 1999), and the burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Although Greene asserts that this Court has jurisdiction because it presents a federal question, this Court does not have original subject-matter jurisdiction over matters

concerning child custody or support. See Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982). Even though diversity of the parties' citizenship is not alleged here as a basis for jurisdiction, it bears noting that this Court cannot review a child support case even where the moving party establishes diversity jurisdiction. Id. (diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights).

"Under the Rooker-Feldman [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Am. Reliable Ins. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)). The Rooker-Feldman doctrine is jurisdictional and, as such, this Court is free to raise it sua sponte. See Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997).

Greene's complaint plainly implicates the domestic relations exception, as it concerns child custody and support proceedings and domestic violence protection orders. Moreover, as indicated by Greene's requested relief of ordering state appellate review, vacating the state circuit court decisions, and awarding her custody of her child, this action is nothing more than a challenge of the state court's decisions that treats this Court as a state appellate court; thus, it is barred by the Rooker-Feldman doctrine.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Greene's Motion to Proceed in Forma Pauperis (ECF No. 2). The Court will dismiss Greene's Complaint (ECF No. 1). A separate Order follows.

Entered this 10th day of January, 2018.

/s/
George L. Russell, III
United States District Judge